## KRANZ v. AVERY BLDG. ASS'N et al.

Court of Appeals of Kentucky.
March 20, 1953.

Alex Berman, Louisville, for appellant.

Stanley Newhall, Bullitt, Dawson & Tarrant, Allen Schmitt, Garner M. Petrie, Ropke, Goldstein & Poynter, Wyatt, Grafton & Grafton, Charles A. Walter, Edward J. Rehm and Lyndon Everbach, Louisville, for appellees.

COMBS, Justice.

This action was commenced as a proceeding to foreclose two real estate mortgages held by Avery Building Association on property formerly belonging to J. T. Kittle and his wife, Norma. It was later resolved into a controversy between the appellant; Sylvia Kranz, and numerous mechanic lien holders as to the validity and effect of two purported second mortgages from the Kittles to Sylvia Kranz. The chancellor held that the second mortgages to Mrs. Kranz had been satisfied and the lien holders were adjudged entitled to a pro rata share of their claims. This appeal is prosecuted by Mrs. Kranz from that judgment.

On January 3, 1950, Algonquin Parkway Homes, Inc., was incorporated, with its principal stockholders being Mr. and Mrs. Kranz and Mr. and Mrs. Kittle. After its formation the corporation acquired some real estate along Algonquin Parkway. At that time Mr. and Mrs. Kittle were the owners in fee simple of lots number 3504 and 3506 on Algonquin Parkway, and J. T. Kittle was in process of constructing a building on each of the two lots. He had previously, on December 23, 1949, executed a mortgage to Avery Building Association to obtain funds for use in his construction program.

Charles Kranz, husband of appellant and the only witness in behalf of the Kranz mortgages, stated that his wife advanced $5,000 which was deposited to the corporation's account on April 25, 1950. The corporation used this fund to pay bills arising out of the construction on lots number 3504 and 3506, which at that time were still owned by the Kittles. The Kittles executed two mortgages on the lots to Mrs. Kranz, one dated April 24, 1950 in the amount of $2,000, and the other dated May 1, 1950 in the amount of $1,500. Neither of these mortgages is shown to have been released and they are the basis of Mrs. Kranz' claim.

The corporation had some financial difficulties and Kittle wanted to get out of the business. Kranz wanted to continue the business, so on July 24, 1950 Kittle and his wife conveyed the two lots in question to the corporation by deed and at the same time transferred and assigned all of their stock in the corporation to Charles Kranz.

The lien holders, appellees here, contend the Kranz mortgages are unenforceable because: (1) no consideration passed from Sylvia Kranz to K. T. Kittle at the time the notes and mortgages were executed; (2) there was a settlement of the notes and mortgages when Kittle transferred the mortgaged property to the corporation owned thereafter by the Kranzes; and (3) there was a merger of the mortgage title in the fee.

The court found that the conveyance of the property to the corporation amounted to a satisfaction of the debt secured by the mortgages. The evidence on that phase of the case raised a clear issue of fact and we think the evidence supports the chancellor's finding.

Our decision on this question makes it unnecessary to discuss the other questions argued in the briefs.

Judgment affirmed.